IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOM BOMBADIL, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 20-CV-5737 |
| : | |
| CAROL K. LADEN, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

Currently before the Court is a Motion to Proceed *In Forma Pauperis* filed by Tom Bombadil.  (ECF No. 6.)  Also pending before the Court is Bombadil's Amended Complaint,[1] which Bombadil filed in his capacity as the "real owner *absolute executor of the decedent's estate*," and which he signed as "the Honorable Tom Bombadil, absolute executor of the decedent's estate."  (ECF No. 4 at 1 & 11.)  For the following reasons, the Court will grant Bombadil leave to proceed *in forma pauperis* and dismiss this case.

    **I.**    **FACTUAL ALLEGATIONS AND PROCEDURAL HISOTRY**

The Amended Complaint asserts claims stemming from litigation in the Montgomery County Court of Common Pleas concerning the Estate of Helen T. Kaufman.  Kaufman's grandson, Michael J. Leiden, unsuccessfully claimed an interest in that estate.  A November 18, 2019 opinion resolving Kaufman's estate, which is attached to the Amended Complaint as an exhibit, reflects the state court's conclusion that the only beneficiaries of Kaufman's estate were

---

[1] Shortly after submitting his Complaint to the Court, Bombadil filed an Amended Complaint.  An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading.  *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading." (internal citations omitted)).  Accordingly, the Amended Complaint is the operative pleading in this case.

1

her three children, and that Leiden unsuccessfully appealed that order. (ECF No. 4-4 at 7-8.)

Although Leiden was found to have "no interest in the decedent's estate or deed of trust" he nevertheless "filed numerous frivolous and duplicative pleadings, resulting in increased costs to administer the estate and prolonging the finalization of the administration of the estate and trust. As a result of [Leiden's] frivolity with the legal system, the estate incurred $93,979.91 in fees and costs associated with the administration of the Estate." (*Id.* at 5.) The estate also incurred expenses when the co-executors had to file an ejectment action against Leiden to remove him from the decedent's property after he refused to vacate the premises. (*Id.* at 5.) Due to Leiden's abusive litigation behavior, the state court directed the Clerk of Orphan's Court not to accept any *pro se* filings from Leiden. (*Id.* at 8 ("[Leiden] continued to file numerous and lengthy pleadings over the course of the next few years, despite [the court's] further determination that he lacked standing to pursue his claims and following [the court's] admonition that he not be permitted to file pleadings without counsel."); *see also* ECF No 4-2 at 6 & 11 (March 28, 2018, June 11, 2019 and September 3, 2019 orders directing the Clerk of the Orphan's Court not to accept further filings from Leiden unless submitted by counsel on Leiden's behalf).)

The state court concluded that as a result of Leiden's baseless challenges to his grandmother's will and deed of trust, the co-executors and co-trustees appropriately enforced a clause prohibiting Leiden from benefiting from a trust established for his mother from the proceeds of the estate. (ECF No. 4-4 at 7.) As a result, Leiden and any of his descendants were "deemed to have predeceased" Kaufman, meaning that he was treated as deceased to prevent him from collecting any proceeds from the estate or related trust. (*Id.* at 8.) The docket for the state court proceedings reflects that no appeal was taken from that final adjudication.

The Amended Complaint in the instant case is not clear.  Bombadil appears to be claiming that he represents Leiden's estate and identifies Leiden as deceased throughout the Amended Complaint.  The Amended Complaint also suggests that Leiden may be Bombadil's "fictional alter ego."  (ECF No. 4 at 8.)  The Amended Complaint adds that Bombadil "accommodates the bogus litigation character of 'Michael John Leiden' ex rel 'Michael J Laden' etc."  (*Id.* at 6.)  It seems that the reference to Leiden as "deceased" may refer to the state court's conclusion that Leiden could be treated as having predeceased Kaufman so as to prevent him from collecting anything from the estate or related trust, and that Bombadil and Leiden may be one and the same person.

The Amended Complaint names as Defendants Carol K. Laden—a co-executrix of Kaufman's estate and Leiden's mother—and Bruce Hanes, identified as the Clerk of Orphan's Court in Montgomery County.  The Amended Complaint raises claims for damages and injunctive relief for alleged civil rights violations, "recovery of estate," "illegal servitude," trespass and replevin.  (ECF No. 4 at 1.)  The majority of Bombadil's claims appear to be based on his belief that he was wrongfully prohibited from inheriting from Kaufman's estate and the related trust or trusts.  Liberally construing the Amended Complaint and leaving aside Bombadil's characterizations,[2] his claims against Laden appear based on her invocation of the relevant clause to prohibit Bombadil from inheriting, as well as her general handling of matters related to Kaufman's estate.  (*Id.* at 2 & 10.)  Bombadil's claims against Hanes appear to be based on Hanes's enforcement of the court's filing injunction against Leiden by not docketing

---

[2] The manner in which Bombadil's Amended Complaint is pled is anything but clear.  However, the state court's opinion attached to the Amended Complaint provides context for Bombadil's claims.

3

Leiden (or Bombadil's) pro se filings, including a notice of appeal of the November 2019 order resolving the estate. (*Id.* at 2 & 10-11.)

Bombadil initially filed a Motion to Proceed *In Forma Pauperis* in which he stated that he was an "unpaid fiduciary of an insolvent estate," apparently Leiden's, and which did not provide any of Bombadil's personal financial information. (ECF No. 1.) In an Order entered December 8, 2020, the Court denied that Motion to the extent it was filed on behalf of Leiden's estate but gave leave to Bombadil to file a Motion to Proceed *In Forma Pauperis* on his own behalf. (ECF No. 5.) Since it appeared from the Motion to Proceed *In Forma Pauperis* and Amended Complaint that Bombadil was pursuing claims on behalf of Leiden's estate, the Court also directed that any estate seeking to proceed as a party to this litigation was required to obtain counsel and pay the fees for proceeding within thirty days. (*Id.*) Since the filings did not reflect that Bombadil was raising any claims on his own behalf, the Order also stated that Bombadil might seek to file a second amended complaint clarifying the nature of his claims.

Bombadil returned with a second Motion to Proceed *In Forma Pauperis*. (ECF No. 6.) He did not file anything else. Nor did any estate appear through counsel or pay the fees to proceed in this civil action.

## II.     STANDARD OF REVIEW

The Court will grant Bombadil leave to proceed *in forma pauperis* because it appears that he cannot afford to pre-pay the fees to commence this civil action.[3] As Bombadil is proceeding

---

[3] Artificial entities generally may not proceed *in forma pauperis*. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 1996 (1993); *Gray v. Martinez*, 352 F. App'x 656, 658 (3d Cir. 2009) (per curiam); *Estate of Leon Twardy v. Lakes of Larchmont Condo Ass'n*, 2016 WL 2901664, at *1 (D.N.J. May 18, 2016). However, Bombadil may proceed on any claims raised on his own behalf. Although Bombadil did not sign his Motion by hand as directed, the Court exercises its discretion to accept Bombadil's filings under the Standing Order issued by Chief Judge Juan R. Sánchez on May 13, 2020 regarding the use of

*in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) apply, which require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Bombadil is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.    DISCUSSION

#### A.    Standing

Bombadil lacks standing to bring this case on behalf of any estate or anyone other than himself. "Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018); *see also* 28 U.S.C. § 1654. "The federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.'" *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (per curiam) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)).

---

electronic signatures by unrepresented litigants. *See In re: Use of Electronc Signatures in Prisoner and Pro Se Cases Due to the Exigent Circumstances Created by COVID-19*, https://www.paed.uscourts.gov/documents/standord/StandingOrder-ProSeElectronicSignatures.pdf.

In the context of an estate, "[i]f an estate has one or more beneficiaries besides the administrator, then the case is not the administrator's own because the interests of other parties are directly at stake," so a non-attorney administrator or executor may not represent the estate. *Murray*, 901 F.3d at 171.

It is not clear who has in interest in Leiden's estate, including whether Bombadil has any interest, so Bombadil cannot represent Leiden's estate in this matter. *Id.* It is also not clear that Leiden is, in fact, deceased. Indeed, it seems that he is not deceased and that this language in the Amended Complaint is a reference to the state court's treatment of Leiden as "deceased" for purposes of precluding him from inheriting from Kaufman's estate and trust. Nevertheless, since Bombadil may only raise claims on his own behalf, any claims raised on behalf of Leiden's estate, or any other estate or third party, are dismissed for lack of standing. *See Twp. of Lyndhurst, N.J. v. Priceline.com Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)). To the extent Bombadil can be understood to be the same person as Leiden, which is a fair reading of the Amended Complaint, the Court will address his claims below.[4]

### B. *Rooker-Feldman* Doctrine

At times, the Amended Complaint can be understood to challenge the state court's judgment and seek review and reversal of that judgment because of wrongs committed by the state court. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral*

---

[4] If Bombadil and Leiden are not the same person, then he has not articulated any basis for a claim because he has not alleged his interest in Kaufman's estate or described how the Defendants wronged him in any way.

*Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). "[T]here are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166 (alteration in original) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Here, Kaufman's estate was resolved by the state court's November 18, 2019 order, which adjudicated the estate and noted that any appeal from the order must be taken within thirty days. (ECF No. 4-4 at 11-12.) The docket reflects that no such appeal was filed even though it seems Leiden may have sought to file an appeal but was unable to do so because of the state court's injunction against him. (ECF No. 4-3 at 6.) Accordingly, to the extent the Amended Complaint is seeking review and rejection of the state court's final order resolving Kaufman's estate and seeking relief for injuries caused by the state court's resolution of the matter, the Court lacks jurisdiction to review these claims. *See Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 460 (3d Cir. 2019). As some of Bombadil's claims concern harm allegedly caused by the Defendants' actions, as opposed to the state court's judgment, the Court will address those claims next.

### C. Claims Against Laden

Bombadil's claims against Laden over which this Court possesses jurisdiction fail. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law—*i.e.*, whether the defendant is a state

7

actor—depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Here, nothing in the Amended Complaint suggests that Laden is a state actor. Furthermore, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Accordingly, Laden is not subject to liability under § 1983. In any event, Bombadil's allegations mostly characterize the state court proceedings and do not allege a legal basis for a constitutional violation or any other claim. Although it is clear that Bombadil disagrees with how Laden executed the estate, he has not explained how Laden's decisions give rise to a cause of action. Furthermore, even if Bombadil could assert a plausible basis for a claim under state law, he has not alleged a basis for the Court's jurisdiction over any such claim. *See* 28 U.S.C. § 1332(a).

### D. Claims Against Hanes

Bombadil also has not stated a claim against Hanes for failing to docket his (Leiden's) filings in accordance with the state court's injunctions. Court administrative personnel are

entitled to absolute quasi-judicial immunity from claims based on carrying out facially valid court orders.  *See Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 772-73 (3d Cir. 2000); *see also Nemeth v. Office of Clerk of Superior Court of N.J.*, 2020 WL 7385082, at *3 (3d Cir. Dec. 16, 2020) ("[F]or Nemeth's claims against Smith for signing facially valid writs of execution and possession related to the foreclosure of his property, she is also entitled to absolute quasi-judicial immunity for her actions taken in her capacity as the Clerk of the Superior Court.").  In other words, court administrative staff are not subject to liability for "acts authorized by court order."  *Russell v. Richardson*, 905 F.3d 239, 250 (3d Cir. 2018).  Hanes's refusal to docket Leiden's filings as directed by the state court's injunction orders is an act covered by quasi-judicial immunity, so Bombadil's claims against Hanes must be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Bombadil leave to proceed *in forma pauperis* and dismiss his Amended Complaint in its entirety.  Claims that were dismissed for lack of standing and lack of jurisdiction will be dismissed without prejudice and the remainder of Bombadil's claims will be dismissed with prejudice.  Bombadil will not be given leave to file a second amended complaint because the Court concludes amendment would be futile.  An Order follows.

**January 19, 2021**                                            **BY THE COURT:**


                                                          **/s/Wendy Beetlestone, J.**

                                                          _____
                                                          **WENDY BEETLESTONE, J.**